**EXHIBIT A**

6391467591
SRR

**CT CORPORATION**
A Wolters Kluwer Company

**Service of Process Transmittal**
01/19/2007
Log Number 511825703

**TO:** Kim Turner
Allstate Insurance Company – Nashville MCO
555 Marriott Drive, Suite 850
Nashville, TN, 37214

**RE:** Process Served in Tennessee

**FOR:** ALLSTATE INSURANCE COMPANY (Domestic State: IL)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Pairryn Clemmons, Pltf. vs. Allstate Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | 30th Judicial District Circuit Court at Memphis, TN<br>Case # CT004207 |
| **NATURE OF ACTION:** | Insurance Litigation – Summons & Complaint – Breach of Contract due to non-payment on policy |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/19/2007 postmarked on 01/16/2007 |
| **APPEARANCE OR ANSWER DUE:** | within 30 days after service, exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | Randall J. Fishman<br>Ballin, Ballin & Fishman, P.C.<br>200 Jefferson Avenue<br>Suite 1250<br>Memphis, TN, 38103<br>901-525-6278 |
| **REMARKS:** | Process served/received by the Insurance Commissioner on 01/10/2007, and mailed to CT Corporation System on 01/19/2007. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 798589213930 |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>800 S. Gay Street<br>Suite 0221<br>Knoxville, TN, 37929-9710 |
| **TELEPHONE:** | 865-342-3522 |

Received
JAN 2 2 2007
NASHVILLE MCO

Page 1 of 1 / BC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.



STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

January 12, 2007

Allstate Ins Company % C T Corp.
800 South Gay Street, Ste 2021
Knoxville, TN 37929-9710
NAIC # 19232

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7006 2150 0004 6617 8023
Cashier # 1203

Re: Pairryn Clemmons   V.   Allstate Ins Company % C T Corp.

Docket # CT-000042-07

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Breach Of Contract Complaint was served on me on January 10, 2007 by Pairryn Clemmons pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Shelby County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Shelby County
    140 Adams Street, Rm 324
    Memphis, Tn 38103

Service of Process 615.532.5260

**(CHANCERY/CIRCUIT) COURT OF TENNESSEE**
**140 ADAMS AVENUE   MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

**SUMMONS IN CIVIL ACTION**

NO. CT-000042-07 -06 Div. V   AD DAMNUM $ _____   AUTO ☐ OTHER ☒

PAIRRYN CLEMMONS
_____   _____ Home Address

vs.   **PLAINTIFF**   _____ Business Address

ALLSTATE INSURANCE COMPANY
_____   _____ Home Address

**DEFENDANT**   _____ Business Address

TO THE DEFENDANT(S): Allstate Insurance Company
Please serve through Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37243-1311

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on _____ Randall J. Fishman _____ Plaintiff's attorney, whose address is ___ 200 Jefferson Avenue, Suite 1250, Memphis, TN 38103 ___, telephone ___ (901) 525-6278 ___ within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk
KENNY ARMSTRONG, Clerk & Master

TESTED AND ISSUED ___ 1-3 ___, 20 07   By ___ [signature] ___, D.C.

TO THE DEFENDANT(S):
NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**COST BOND**

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event said plaintiff shall not pay the same.

Witness My Hand this _____ day of _____, 20 07

Certification when applicable

_____ Surety

I, KENNY ARMSTRONG, Clerk & Master of the Chancery Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____
KENNY ARMSTRONG, Clerk & Master

By: _____, D.C.

I, JIMMY MOORE, Clerk of the Circuit Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this 1-3-2007
JIMMY MOORE, Clerk

By: ___ [signature] ___, D.C.

Front

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

PAIRRYN CLEMMONS

    Plaintiff,

vs.                             No. CT-000042-07 -06 Div. IV

ALLSTATE INSURANCE COMPANY,

    Defendant.

**FILED JAN 0 3 2007**
CIRCUIT COURT CLERK

I, JIMMY MOORE, Clerk of the Circuit Court, Shelby County Tennessee certify this to be a true and accurate copy as filed this 1-3-2007
JIMMY MOORE, Clerk
By _____ D.C.

## COMPLAINT

COMES NOW the Plaintiff, Pairryn Clemmons, and for her Complaint against Allstate Insurance Company, states as follows:

### FACTS

1. Plaintiff, Pairryn Clemmons is a resident citizen of Memphis, Shelby County, Tennessee.

2. Allstate Insurance Company is a corporation and is registered to do business in Tennessee with its registered agent for service of process designated as the Commissioner of Commerce and Insurance for the State of Tennessee, 500 James Robertson Parkway, Nashville, Tennessee 37243-1311.

3. At all times pertinent hereto, Pairryn Clemmons was a party to a contract of insurance with Allstate Insurance Company under policy number 935282676 (hereinafter referred to as "policy"). The homeowners policy covered, among other things, damage and loss to Pairryn Clemmons' house located at 708 Pope Street, Memphis, Tennessee 38112.

4. On or about July 22, 2005 Pairryn Clemmons along with her husband, Russell Burks had left to go to St. Louis, Missouri. Upon returning to Memphis on July 24, 2005, she had been notified that there had been a fire at 708 Pope in Memphis, Tennessee.

5. The original fire had reportedly began on July 23, 2005.

6. On or about July 23, 2005 at 1:00 a.m., the Memphis Fire Department made the scene.

7. On or about July 25, 2005 a second fire occurred at 708 Pope, Memphis, Tennessee.

8. The Memphis Fire Department made the scene at approximately 4:09 a.m.

9. Pairryn Clemmons reported the incident on July 24, 2005 under her policy with Allstate Insurance Company for the house fire.

10. Ms. Clemmons complied, to the best of his ability, with the requests made Allstate Insurance Company regarding their investigation of this claim.

11. By letter dated January 5, 2006, Allstate Insurance Company informed Pairryn Clemmons that her claim was denied.

12. Allstate Insurance Company improperly denied Ms. Clemmon's claim in breach of its contract of insurance and the policy.

13. Allstate Insurance Company acted maliciously, negligently and in bad faith in failing to perform pursuant to the terms of the policy.

## COUNT I

### ALLSTATE INSURANCE COMPANY'S BREACH OF CONTRACT - FAILURE TO PAY ON POLICY

14. The allegations contained in paragraphs 1 through 13 of the Complaint are herein incorporated by reference.

15. Allstate Insurance Company breached its contractual obligations pursuant to the policy to pay Pairryn Clemmons of the loss she sustained of her house and personal property.

16. As a result of such breach by Allstate Insurance Company, Pairryn Clemmons has incurred damages which include but are not limited to, the damage of the house at the date of loss in the amount of $31,500.00, personal property loss in the amount of $17,271.00, the cost and inconvenience of attempting to require Allstate Insurance Company to perform pursuant to the terms of the policy, the cost and inconvenience of being without a home while Allstate refused to fulfill its obligations under the terms of the policy, and attorneys fees and court costs for Ms. Clemmons' to enforce the terms of the insurance policy against Allstate Insurance Company.

## COUNT II

### ALLSTATE - BAD FAITH PENALTY

17. The allegations contained in paragraphs 1 through 16 are incorporated herein by reference.

18. The refusal by Allstate Insurance Company to pay Pairryn Clemmons's loss pursuant to the terms of the insurance policy was not in good faith and such failure to pay inflicted additional expenses, loss and injury upon Ms. Clemmons. Defendant's actions are in violation of the Plaintiff's rights under the Tennessee Consumer Protection Act of T.C.A. § 47-18-101 et. seq.

19. As a result thereof, Allstate is liable to Pairryn Clemmons for the Bad Faith Penalty as set out in T.C.A. §56-7-105.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that:

1. Proper process be issued against the Defendant and that it may be brought before this Court and required to answer the Complaint;

2. Upon a final hearing of this cause, the Court award a judgment against Allstate

Insurance Company in the amount of $31,500.00 for the damage to the house, $17,271.00 for the personal property loss, attorney's fees and all court costs, plus all such amounts due her under the Policy and, in addition, prejudgment interest on the loss.

3. Upon final hearing in this cause, the Court award a judgment pursuant to T.C.A. §56-7-105 against Allstate Insurance Company as a result of the bad faith denial by Allstate Insurance Company of Plaintiff's claim, and further award the Plaintiff's damages under the Tennessee Consumer Protection Act of T.C.A.§ 47-18-101 et seq.

4. The Court award such other and further specific and general relief to which Pairryn Clemmons may be entitled, including punitive damages if appropriate.

5. Plaintiff hereby demands a jury trial.

Respectfully Submitted,

Ballin, Ballin & Fishman, P.C.
By: Randall J. Fishman, Esq. (7097)
200 Jefferson Avenue, Ste. 1250
Memphis, TN 38103
(901)525-6278